Derbignv, J. '
delivered the opinion of the Court. In'this case the Jury, of Police of New* complain of having been disturbed by ^ Corporation of the city, in the enjoyment of a p^ht which they exercised under the laws of the ° J state of causing a public ferry to be kept at the , „ , , , . . , . place called the powder-house, opposite to the city, aiid pray to be quieted in that enjoyment. The Corporation, without denying the fact, assert that, they are autlrorised by law to oppose the establishment and landing of a ferry under the autho *711 rity of the plaintiffs, within the limits of the city.
East. District.
July 1815.
The question then is, not whether .both parties have a riuht to establish ferries within their ... spective limits : but simply whether the appellants , ,, t . . can prevent the appellees trom continuing to cause a ferry to be kept opposite to the city.
By a law enacted in 180.5, provision was made for the establishment of ferries in the different counties of the territory ; and to that effect the county judge was authorised to grant as many licenses as he should in his discretion think fit. At the same time, it was provided that when any water, over which a ferry should be erected, should divide two counties,, the license obtained in either should be sufficient to enable the licensed person to transport persons or goods to and from either side of such water. And to secure to such licensed persons the profit arising from the establishment of such ferries, it was further provided ihat, within the distance of one league from them,, no other individual should be suffered to transport, for profit or hire, goods or persons across the waters over which they should be kept. When the territory was afterwards divided into parishes, instead of counties, those regulations of course became applicable to the parishes.
Under that law, and ever since then, the pa* rish of New* Orleans caused*a ferry to be kept -at the place commonly called the powder-house -, and *712 until .the Year 1⅛13, enjoyed that right without disturbance.
At the beginning of that year a law was enacted entitled “ an act further-defining the organisation, authority and functions of .police juries,” by which the establishment of ferries, heretofore left to the parish judge, was made a part of the functions of those juries; and as by one of the provisions of that act, the city of New-Orleans was severed from the rest of the parish, quoad the administration therein attributed to the police juyies, and directed to exercise within its limits the functions commit, ted to1 those juries, the appellees seem from thence to have taken it for granted that they alone had a right to establish ferries to cross the river oppo.-site to the city, and by their interference prevented the parish jury of New-Orleans from farming out to the highest bidder the powder-house ferry.
In that opposition we think they were not supported by the law. According to the spirit and even to the latter of the act of 1805, each parish, administration may establish within its limits as many ferries as they please ; and the ferrymen thus established have a right to transport goods and persons to and from both sides of' the water, whether the opposite side belongs to an other pa- , rish or not ; and that they must also have of course the right of a free landing op such onpo. site shore needs hardly be noticed.
*713 The parish of New-Orleans and the city certainly stand here in the same relation as two parishes divided by a river. Each has the same rights ; and each is equally bound not to disturb the other in the exercise of those rights.
It is, therefore, adjudged and decreed that the judgment of the district Court be affirmed with costs.